IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **13-cv-3473-AP**

**In re HEALTHTRIO, INC.,**

    Debtor.

_____

**MALIK M. HASAN, M.D. and SEEME G. HASAN,**

    Appellants,

v.

**CENTENNIAL RIVER CORP.,
AXIOM SYSTEMS, INC.,
JOHNSON-LAIRD, INC., and
DAVID E. LEWIS, Chapter 7 Trustee,**

    Appellees.

## ORDER DENYING INTERLOCUTORY APPEAL

Kane, J.

Appellants Malik M. Hasan, M.D., and his with, Seeme G. Hasan, seek leave to appeal an order of the Bankruptcy Court denying their attempt to unwind an involuntary Chapter 7 bankruptcy petition filed against Healthrio, Inc. As is often the case in bankruptcy matters coming to the district court on appeal, the individual relationships and motivations underlying a request for relief are convoluted.  The Hasans are creditors of the bankruptcy estate in that they hold a $21 million judgment against the Debtor, Healthtrio, Inc.  They were represented in their claim against Healthtrio by the law firm of Keevican Weiss

1

Bauerle & Hirsch LLC ("KWBH"). In the bankruptcy proceedings below, KWBH and the Hasans are at odds: The Hasans want to be paid on their judgment and KWBH wants to recover for its legal work in obtaining that judgment. Both have claims against the estate.

After the Involuntary Petition was executed and relief on the Petition granted by Judge Tallman, the Hasans raised the specter that one of the attorneys at KWBH executed the Chapter 7 Petition on behalf of one of the Petitioners when he lacked actual authority to do so. Judge Tallman held a hearing on the allegations in October 2013, and in his December 11 Order, actually found that the allegations were true. He declined to unwind the Involuntary Petition or his Order of Relief, however, noting the tangled web of relationships and the Hasans' conflict of interest, and concluding it was for the Trustee, not the Hasans, to act on the Debtor's behalf with regard to the "fraud."

I agree, and DENY the Hasans' Motion for Leave to Appeal under 28 U.S.C. § 158(a)(3). The Hasans are unlikely to prevail on the merits of their appeal, even if they were presumed to have standing to pursue it. Judge Tallman's decision to leave his Order of Relief intact notwithstanding KWBH's actions was discretionary under the circumstances and no district court is likely to find that he abused his discretion in doing so. Because the Motion for Leave to appeal is denied, there is no basis for granting a stay and the Hasans' accompanying Verified Motion for Stay (Doc. 11) is DENIED as MOOT. The appeal is DISMISSED and the matter is remanded to the Bankruptcy Court for further proceedings.

Dated April 29, 2014.

                                                         *s/John L. Kane*
                                                         SENIOR U.S. DISTRICT JUDGE